UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED

FEB 15  8 45 AM '00

CIVIL ACTION NO.:

| | |
|---|---|
| JANIS ALEXSUNAS, | ) |
| | ) **00cv10282NG** |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TIAA CREF and | ) |
| BOSTON COLLEGE | ) |
| | ) |
| Defendants. | ) |

RECEIPT # _____
AMOUNT $ 150.00
SUMMONS ISS. _____
LOCAL RULE 4.1 ___
WAIVER OF _____
MCF ISSUED _____
AO 120 OR 121 ___
BY DPTY CLK _____
DATE 2-15-00

**COMPLAINT**

NOW COMES THE Plaintiff, by and through her attorney, Michael James Kelley, and makes this complaint against the Defendants:

### I. GENERAL ALLEGATIONS

1. This action arises under the EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 [29 USC §§1001 ET SEQ.] (ERISA) and more particularly §502(a)(1)(B) and §502(c) of said Act [29 USC §1132(a)(1)(B), §1132(c)]. The court has jurisdiction of this matter under 29 USC §1132(e).

2. The Plaintiff is currently residing at 16 Millstone Lane, South Weymouth, Commonwealth of Massachusetts and is a qualified participant in a Long Term Disability (LTD) plan within the meaning of 29 USC §1002(7) of ERISA.



3. The Defendant, TIAA CREF, is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business at 730 Third Ave, New York, New York.

4. The Defendant, TIAA CREF, hereinafter cited as the LTD Plan or Plan, is a qualified employees' Long Term Disability Plan under Section 401 of the Internal Revenue Code of 1954, as amended and an employee pension plan within the meaning of 29 USC §1002(2)(A) and §1002(35) and was adopted on September 1, 1966. The group policy number is 0507.

5. The Defendant, Boston College, is a non profit organization existing under the laws of the Commonwealth of Massachusetts, with its principle place of business at Chestnut Hill, City of Newton, Commonwealth of Massachusetts and is the plan administrator and fiduciary of the Long Term Disability Plan.

## COUNT I

6. On or about November 8, 1971, the Plaintiff became employed by the Defendant, Boston College, hereinafter cited as Employer, and remained continuously employed under the terms of the LTD Plan.

7. Plaintiff went on approved medical leave on September 1, 1995 through January 31, 1997, at which time her leave of absence expired and she was terminated from employment.

8. The Plaintiff applied for disability benefits under the defendant LTD Plan based on a Heart condition. Plaintiff's application was denied on November 30, 1995 by TIAA CREF. Plaintiff appealed the denial and was notified by TIAA CREF on March 9, 1999 that her appeal was denied because was not totally disabled as required under the terms of the Plan.

9. The decision by TIAA CREF issued on March 9, 1999 was their final decision and the Plaintiff thereby exhausted all internal appeals process.

10. The Plaintiff was not eligible for review of her claim by the Federal Court until she had exhausted all internal appeals process.

11. Benefits due are vested under the LTD and the Plaintiff has complied with all conditions in order to receive such disability retirement benefits.

12. The Defendants failed to consider evidence offered by Plaintiff establishing total and permanent disability.

13. The Defendants failed to provide the Plaintiff with the opportunity for a full and fair review of her claim and further failed to provide the necessary information required for adequate notice in violation of 29 USC §1133.

14. The above-mentioned decision of the Retirement Committee of the Defendant Employer denying the Plaintiff benefits due under the terms of the pension plan was arbitrary, capricious, not made in good faith, unsupported by substantial evidence, erroneous as a matter of law, and in violation of ERISA.

15. As the direct and proximate result of the actions of the Defendants, TIAA LTD Plan and Employer as fiduciary, Plaintiff has been caused to incur attorneys' fees in an amount currently not known to the Plaintiff.

16. As a direct and proximate result of the above Defendants' actions, the Plaintiff has lost benefits in an amount not known in full by the Plaintiff but upon belief and information such loss approximates the amount of benefits due under the terms of the LTD Plan for each month since September 1, 1995 and the amount the Plaintiff will continue to sustain each month until the benefits are paid in full.

## **COUNT II**

17. The Plaintiff hereby incorporates by reference paragraphs 1 through 14 above.

18. The Defendant required the Plaintiff to apply for Social Security Disability benefits.

19. The Plaintiff applied for Social Security Disability benefits and was adjudicated 100% disabled by the United States Government.

20. The Defendants are judicially estopped from disregarding or disputing the designation of the disabled status.

**WHEREFORE,** the Plaintiff prays judgment against the Defendants as follows:

1. An order for the Defendant's LTD Plan to pay to the Plaintiff all disability benefits accrued and unpaid to the date of this judgment;

2. An order for the Defendants to designate the Plaintiff as an eligible participant under the Plan and to pay the Plaintiff the contracted monthly LTD benefits from the date of this judgment henceforth;

3. An order requiring the above Defendant to pay the Plaintiff $100 a day commencing thirty days after the written request for information was made to the date of the defendant's response to the request.

4. Imposition of such other penalties against the Defendants as deemed appropriate; and

5. The Plaintiff is awarded attorneys' fees and costs of this action and such other relief as deemed appropriate.

Date: February 14, 2000

> Respectfully submitted,
> Plaintiff
> By her Attorney
>
> *Michael James Kelley*
> Michael James Kelley, Esq.
> 167 Milk Street, Suite 428
> Boston, MA 02109
> 617/ 227-7139
> BBO# 567329